† WETHERELL & *als. versus* JOY.

When a creditor receives a partial payment of a debt not due, he is bound to apply it according to the wishes of his debtor.

ON FACTS AGREED.

ASSUMPSIT, upon a guarantee.

One Walter C. Douglass wishing to purchase, on credit, some millinery goods in Boston, the defendant wrote and gave him a letter in which was the following:—

"Any one who may think proper to furnish Mr. Douglass with goods suitable for that trade and on the usual terms of credit, I hereby agree to guarantee the payments for such goods to the amount of four hundred dollars. Whoever may furnish him with goods, if they wish to avail themselves of this security, will please to notify me of the amount of their bill, time of payment, &c., and also acknowledge the receipt and possession of this letter."

The plaintiffs, on April 24, 1852, notified the defendant that they had received and retained this letter, and had delivered to Douglass, on account of this guarantee, goods to the amount of $450,13, on six months; and if he had any objection to the amount over the $400 that he would answer them by return of mail.

No answer was returned.

This bill of goods was made on April 22, and during the

following four days, the plaintiffs also furnished Douglass goods to the amount of $15,63, and on June 4, following, to the amount of $81,11.   In the whole $546,86.

The credits upon their bill, as rendered, were thus : —

| 1852, June 4, | Cash, | $100 |
| Aug. 20, | " | 100 |
| Dec. 31, | " | 200 |
| | | 400 |

By the bookkeeper of plaintiffs, it appeared that the excess of the first bill over $400, and the other goods delivered Douglass in April, were furnished upon his promise to pay for them within one month.

On the 29th of May, of that year, Douglass and defendant both being together, requested one Wood to take $100 to Boston to pay to plaintiffs on their account; and he did so, telling them who sent the money and for what purpose, for which money plaintiffs gave the witness a receipt, dated June 4, (which was a receipt purporting to be for Douglass) which he gave to defendant.

The other three hundred dollars were receipted as being paid by defendant.

The letter containing the money sent by Wood, was signed by Douglass only, and ordered more goods which were charged on June 4.

Douglass, in July of that year, died insolvent.

If, on this evidence, the action was maintainable, the Court were authorized to render judgment for the sum due; otherwise, a nonsuit to be entered.

*Drinkwater,* for defendant, contended that plaintiffs and the law appropriated the payments made in the first instance, and they could not afterwards be appropriated in a different manner.   *Bank of North America* v. *Meredith,* 2 Wash. C. C. 47.

That even if Douglass promised to pay for a certain part of his goods in one month, the amount then sent up could not be applied in the way desired by plaintiffs — for the

debtors had then the right of making their payment to any part of their account they saw fit, and they exercised that right; the first payment was sent by the debtor and guarantor to be applied for their benefit.

*Dean*, for plaintiffs, maintained that at the time the first payment was made, nothing was due that was guaranteed by defendant — that another part of the account was due according to promise of Douglass, and that $100 was now due from defendant, according to his contract.

APPLETON, J. — The defendant, on April 18, 1853, gave Walter E. Douglass a letter of credit, in which he "agreed to guarantee the payments of such goods to the amount of four hundred dollars" as he might purchase. In this he further required, that the person accepting his guarantee should notify him of the amount sold, the time when the same should be payable, and of the receipt and possession of the letter creating the guarantee.

Walter E. Douglass purchased goods, to the amount of $450,13, of the plaintiffs, who, on April 24, advised the defendant of the receipt and possession of his letter, of the amount sold Douglass, and that the sale was on credit of six months, and then add, " we shall look to you for payment; if you have any objections to the amount that exceeds four hundred dollars, please answer per return mail."

The defendant returned no answer to this letter, but it is not contended such neglect to answer rendered him liable for the amount exceeding the sum specified in his letter of April 18.

The receipts of the plaintiffs show, that three hundred dollars have been paid in discharge of the debt guaranteed.

The contest between the parties arises as to the payment of one hundred dollars, which was sent May 29, and to which Douglass, in his letter containing the money, refers as " our first installment of one hundred dollars, which place to our credit." The evidence shows, that the defendant and Douglass united in directing the money to be applied

to the debt guaranteed. The plaintiffs were informed of the appropriation desired by the party making the payment. It was their duty to apply the payment in conformity with such desire. They had no legal nor equitable right to apply it differently. It is a familiar principle, that the party making the payment, has the right in the first instance, of directing the appropriation of his payment.

If the payment was made upon an account not then due, the creditors were under no obligation to receive it. But receiving it, they were bound to apply in accordance with the directions of the debtor.

The plaintiffs. could not legally, if they would, make a different appropriation. Their account as rendered shows no distinction between the several payments made by Douglass or the defendant. From that account they would all seem equally to have been applied to the debt of Douglass. The guarantee was not continuous. The amount guaranteed has been paid and the defendant is discharged.

*Plaintiffs nonsuit.*